PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2001 Ferrari 360 Spider struck a hole while he was traveling on W.Va. Route 34 in Putnam County. W. V a. Route 34 is a road maintained by respondent. The Court is of the opinion *198 to make an award in this claim for the reasons more fully stated below.
REPORTS STATE COURT OF CLAIMS [W.Va.
The incident giving rise to this claim occurred around 1:20 p.m. on March 29, 2004, a clear afternoon. W.Va. Route 34 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that Jeannette Davis was driving his vehicle on W.Va. Route 34 with a tractor frailer in front of their vehicle. Mr. Custer stated that he saw a hole in the road just before the vehicle hit it, while Ms. Davis stated that she did not see the hole before the vehicle struck it. Upon striking the hole, claimant’s vehicle skidded into the opposite lane of traffic before skidding into an area in the middle of the road where it came to rest. Mr. Custer testified that the vehicle most likely struck two holes in the road that were directly in line with the passenger side tires. He stated that the holes had to be somewhat deep, as the front bumper of his vehicle scraped the pavement upon striking the hole. Claimant’s vehicle struck the holes sustaining damage to the front passenger side tire and lower A-arm. Claimant had to have the vehicle towed back to the dealership in Ohio and also had to rent a vehicle to drive back to Ohio. Claimant’s damages totaled $6,274.81. Claimant’s insurance deductible was $5,000.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 34 at the site of the claimant’s accident for the date in question or at any point in the days prior to the accident. Respondent did not call any witnesses to testify.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the holes and the location of the holes on W.Va. Route 34 leads the Court to conclude that respondent had noti ce of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may malee a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $5000.00.
Award of $5,000.00.